Michelle Roberts Bartolic (SBN: 239092)
Email: mroberts@robertsbartolic.com
**ROBERTS BARTOLIC LLP**
1050 Marina Village Pkwy., Suite 105
Alameda, CA 94501
Telephone:    (510) 992-6130
Facsimile:    (510) 280-7564

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND/SANFRANCISCO DIVISION**

| | |
|---|---|
| MARCIA KIRK,<br><br>           Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>           Defendant, | Case No.   3:17-cv-6796<br><br>**COMPLAINT (ERISA)** |

## JURISDICTION

1.     Plaintiff Marcia Kirk ("Plaintiff") brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

2.     Plaintiff worked for Gilead Sciences, Inc. in San Mateo County in California.

3.     On information and belief, Defendant Life Insurance Company of North America ("LINA") is a licensed insurance company domiciled in the Commonwealth of Pennsylvania and State of Connecticut.  LINA is a wholly owned subsidiary of CIGNA Holdings, Inc. a Delaware holding company.  LINA offers only group long-term disability ("LTD") policies in various states, including California.

4. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

5. LINA issued a Group Policy, LK-963910, to the Trustee of the Group Insurance Trust for Employers in the Manufacturing Industry, on behalf of Gilead Sciences, Inc. ("Gilead"). The Group Policy funds the benefits provided under the Gilead Sciences, Inc. long-term disability group plan ("the Plan").

6. LINA is the claims administrator for the Plan and makes decisions regarding eligibility for benefits under the terms of the Plan.

7. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

8. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). At all relevant times, the Plan offered, *inter alia*, LTD benefits to participants, including Plaintiff.

## FACTS

9. Plaintiff worked for Gilead as a project manager before she left Gilead due to disability on April 28, 2015. Plaintiff stopped working due to symptoms related to Synovitis/Tenosynovitis Carpal Tunnel Syndrome.

10. Plaintiff applied for benefits under the Plan. The Plan contains the following standard for disability:

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is,

or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 80% or more of his or her Indexed Earnings.

11.  LINA approved Plaintiff's disability claim effective April 29, 2015 with a payment start date of July 28, 2015.

12.  By letter dated September 23, 2016, LINA informed Plaintiff that it was terminating her LTD benefits beyond September 22, 2016.

13.  Shortly thereafter, Plaintiff filed an appeal of the Plan's decision.

14.  By letter dated February 8, 2017, LINA informed Plaintiff of its decision to uphold its prior determination that LTD benefits are no longer payable beyond September 22, 2016.

15.  On August 4, 2017, Plaintiff filed a second and final appeal of the Plan's decision to terminate both her LTD benefits and her linked life insurance Waiver of Premium ("WOP") claim.

16.  By letter dated November 1, 2017, LINA affirmed its earlier decision to terminate LTD benefits beyond September 22, 2016.

17.  The medical records and other evidence demonstrate that Plaintiff is unable to perform not only her own occupation but also any occupation which would pay her 80% of her Indexed Earnings as a result of Synovitis/Tenosynovitis Carpal Tunnel Syndrome.

18.  Plaintiff has exhausted any and all administrative remedies required before bringing suit.

19.  LINA's termination of Plaintiff's LTD and WOP benefits is contrary to the weight of the evidence.

### COUNT I
### [Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)]

20.  Plaintiff incorporates Paragraphs 1 through 19 as though fully set forth herein.

21.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

22.  At all relevant times, Plaintiff has been entitled to LTD and WOP benefits under

the Plan. By denying Plaintiff's claim for LTD and WOP benefits under the Plan, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A.  Declare that Defendant violated the terms of the Plan by terminating Plaintiff's claim for LTD and WOP benefits;

B.  Order Defendant to pay LTD benefits to Plaintiff pursuant to the terms of the Plan through the date judgment is entered herein; together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C.  Declare Plaintiff's right to reinstatement into the Plan and her right to receive LTD and WOP benefits under the terms of the LTD Plan for as long as she remains disabled under the Plan's terms;

D.  Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

E.  Provide such other relief as the Court deems equitable and just.

Dated: November 27, 2017                    Respectfully submitted,

ROBERTS BARTOLIC LLP


/s/ *Michelle Roberts Bartolic*
Michelle Roberts Bartolic

COMPLAINT                                                                                           PAGE 4
CASE NO. 3:17-cv-6796